FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

16 AUG 23 PM 2:19

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVAN H. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:16-cv-2240 LJM-MJD |
| | ) |
| PEPSICO., INC., d/b/a PEPSICO. | ) |
| GATORADE MIDWEST, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff Ivan H. Smith, by counsel, for his Complaint for Damages and Demand for Trial by Jury, states as follows:

## I. INTRODUCTION

1. This is an action brought by Ivan H. Smith ("Mr. Smith" or "Plaintiff") against Defendant PepsiCo., Inc., d/b/a PepsiCo. Gatorade Midwest ("PepsiCo." or "Defendant"), between which parties there is an employment relationship. Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Mr. Smith on the basis of his religion, Seventh-day Adventist Church and failing to accommodate Mr. Smith's religious practices. PepsiCo. acted deliberately and violated the civil rights of Mr. Smith on the basis of his religion and retaliated against him for reporting discrimination and opposing PepsiCo.'s unlawful practices.

## II. EEOC COMPLIANCE

2. Mr. Smith exhausted all of the administrative proceedings available to him by timely filing a Charge of Discrimination on the basis of religion with the U.S. Equal Employment Opportunity Commission ("EEOC").

3. Mr. Smith filed his initial Charge of Discrimination with the EEOC on or about September 18, 2015. A copy of Mr. Smith's Charge is attached hereto and marked as Exhibit 1.

4. Mr. Smith's Charge was timely filed in compliance with 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

5. Mr. Smith received a Dismissal and Notice of Rights on or around May 25, 2016, which was dated May 24, 2016. A true and accurate copy of the Dismissal and Notice of Rights is attached hereto and marked as Exhibit 2.

6. This action was timely filed within ninety (90) days of receipt by Mr. Smith of the Dismissal and Notice of Rights.

### III. JURISDICTION

7. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.

8. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 and 1988.

9. The alleged discriminatory acts were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

### IV. VENUE

10. Mr. Smith was a resident of Marion County in the State of Indiana during all times relevant to this Complaint, and is a citizen of the United States of America.

11. PepsiCo. conducts business in Marion County. Specifically, PepsiCo. operates locations at 5411 W. 78th St., Indianapolis, Indiana 46268 in Marion County, Indiana and 5858 Decatur Blvd, Indianapolis, Indiana 46241.

12. Moreover, the discriminatory acts under Title VII alleged herein arose in Marion County, Indiana. Marion County is located in the Southern District of Indiana.

13. Thus, this cause of action is properly venued in the Southern District of Indiana under 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where a defendant resides or in which the cause of action arose.

## V. PLAINTIFF

14. Mr. Smith is a citizen of the United States, and was during all times relevant to this Complaint, a resident of Marion County in the State of Indiana.

15. Mr. Smith is a Seventh-day Adventist entitled to protection under Title VII.

## VI. DEFENDANT

16. PepsiCo., Inc. is now, and was at all times relevant to this action, a North Carolina corporation with a principal place of business is located in PepsiCo, Inc., 700 Anderson Hill Road Purchase, New York 10577.

17. PepsiCo., Inc. is now, and was at all times relevant to this action, authorized to engage in and did engage in business in the State of Indiana.

18. At all times relevant to this action, PepsiCo., Inc. employed Mr. Smith at 5858 Decatur Blvd., Indianapolis, Indiana 46254 in Marion County, Indiana.

## VII. STATEMENT OF FACTS

**A. Mr. Smith performed satisfactorily without any disciplinary action by PepsiCo. for over two years.**

19. Mr. Smith was a loyal and dependable employee from the time he began his employment with PepsiCo. in January 2013.

20. Mr. Smith worked as a Production Associate at PepsiCo.

21. All PepsiCo. employees work twelve days on and two days off.

22. PepsiCo. evaluated Mr. Smith's job performance as above average.

### B. Mr. Smith's September 2014 request for a religious accommodation was ignored by PepsiCo. for nearly two months.

23. On or around September 3, 2014, Mr. Smith requested a religious accommodation in writing from Human Resources employee Sarah Litz.

24. Specifically, Mr. Smith provided a letter from Pastor Jason C. North, of the Emmanuel Seventh-day Adventist Church requesting an accommodation for Mr. Smith and providing suggestions for accommodations of Mr. Smith's religious observance.

25. As a Seventh-day Adventist, Mr. Smith must observe the Sabbath by avoiding work as well as other secular activities from sundown Fridays to sundown Saturdays.

26. Mr. Smith did not receive a response from PepsicCo. for a month. Thus, in or around early October 2014, Mr. Smith asked Ms. Litz about his accommodation request, and Ms. Litz responded she had been busy.

27. After receiving no further response from PepsiCo. or Ms. Litz, Mr. Smith followed up with Ms. Litz two weeks later, in or around mid-October. Ms. Litz informed Mr. Smith that she was "checking on it" with the legal department and asked Mr. Smith to fill out a request for religious accommodation form.

### C. When Mr. Smith ran out of personal time to cover his shifts during the Sabbath, he was forced to take an absence point.

28. Mr. Smith again checked in with Ms. Litz on Monday, October 27, 2014. Ms. Litz told Mr. Smith PepsiCo. was trying to find out how to accommodate Mr. Smith's request.

29. Ms. Litz asked Mr. Smith how PepsiCo. could accommodate his request, and Mr. Smith suggested filling his position on Saturdays, as had been done by previous employers.

30. Ms. Litz told Mr. Smith he would hear something back by October 31, 2014.

31. Mr. Smith asked Ms. Litz how to handle taking off for the Sabbath before October 31 because he had run out of personal time.

32. Ms. Litz told Mr. Smith if he left, he would be forced to take a point for leaving early, even though under PepsiCo. policy, only a half point could have been assessed.

**D. On October 31, 2014, Mr. Smith was given a note of correction for observing the Sabbath.**

33. On October 31, 2014, Ms. Litz told Mr. Smith that PepsiCo. would not give Mr. Smith a religious accommodation, and any absences would continue to accrue disciplinary points.

34. Mr. Smith received a letter confirming this conversation on October 31, 2014.

35. Mr. Smith continued to receive absence points for observing the Sabbath and continued to note his absences were for his observance of the Sabbath.

36. By February 17, 2015, PepsiCo. had given Mr. Smith an oral warning ("counseling"), a written warning, a three-day suspension from work, and a final warning for observing the Sabbath.

37. Mr. Smith noted his disagreement with these disciplines for his observing the Sabbath.

**E. On March 9, 2016, PepsiCo. terminated Mr. Smith's employment.**

38. On March 9, 2016, PepsiCo terminated Mr. Smith's employment without further discussion on Mr. Smith's religious accommodations.

## VIII. STATEMENT OF CLAIMS

### COUNT I
*(Religious Discrimination under the Title VII of the Civil Rights Act of 1964)*

39. Mr. Smith incorporates the allegations of paragraphs 1 through 38 above and, in addition, states that PepsiCo.'s acts and omissions in this matter discriminated against him because of his religion, Seventh-day Adventist.

5

40. PepsiCo.'s conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of religion.

41. The term "religion" is defined to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

42. Mr. Smith is a devoted member of the congregation of the Seventh-day Adventist Church, and as part of his religious practices, he does not work on Saturdays for religious observance of the Sabbath.

43. PepsiCo. was fully aware of Mr. Smith's sincerely held need for a religious accommodation to not work from sundown Friday to sundown Saturday, because he specifically discussed it with PepsiCo.

44. PepsiCo. discriminated against Mr. Smith when it suspended him and terminated him because of his religion, Seventh-day Adventist.

45. Other employees who did not need a religious accommodation were treated more favorably.

46. Mr. Smith was meeting his employer's legitimate work expectations.

47. Mr. Smith's termination was an adverse employment action taken against Ms. Smith because of his religion, Seventh-day Adventist.

48. PepsiCo.'s actions were intentional, willful, malicious and/or done with reckless disregard for Mr. Smith's rights.

49. PepsiCo. further failed to accommodate Mr. Smith's religious beliefs.

50. It would not have been an undue hardship on PepsiCo. to accommodate Mr. Smith's religious observance of the Sabbath.

51. As a result of PepsiCo.'s discriminatory actions, Mr. Smith has suffered and will continue to suffer monetary damages and damages for mental anguish unless and until the Court grants relief.

## COUNT II
*(Retaliation in Violation of Title VII of the Civil Rights Act)*

52. Mr. Smith incorporates the allegations of paragraphs 1 through 51 above and, in addition, states that PepsiCo. retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*

53. Mr. Smith engaged in Title VII protected activity, including, but not limited to, opposing PepsiCo.'s unlawful employment practice of requiring Mr. Smith to work on the Sabbath.

54. Despite Mr. Smith's reports of unlawful employment practice of requiring Mr. Smith to work on the Sabbath, PepsiCo. continued to discriminate against Mr. Smith in retaliation for his previous complaints and requests for accommodation.

55. PepsiCo. took adverse employment actions against Mr. Smith in retaliation for his actual and perceived Title VII protected activity, including, but not limited to, disciplining Mr. Smith and terminating Mr. Smith's employment.

## IX. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ivan H. Smith prays for a judgment in his favor against Defendant, and prays that the following relief be awarded:

(a) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in religious discrimination and any other employment practice, which discriminates on the basis of religion, and from engaging in retaliation.

(b) Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals of all religions, and which eradicate the effects of its past and present unlawful employment practices.

(c) Order Defendant to reasonably accommodate Mr. Smith's exercise of his religious practices and beliefs.

(d) Order Defendant to make whole Mr. Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including lost wages and benefits, in amounts to be determined at trial.

(e) Order Defendant to make whole Mr. Smith by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

(f) Order Defendant to pay Mr. Smith punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

(g) Order Defendant to pay Mr. Smith his special damages, in amounts to be determined at trial.

(h) Order Defendant to pay damages to Mr. Smith for any and all injuries to his career, in amounts to be determined at trial.

(i) Award Mr. Smith the costs of this action including reasonable attorneys' fees and any such further relief as the Court may deem just, proper and equitable.

(j) Any and all other relief, including any prospective injunctive relief, to which he is entitled.

(k) Grant such further relief as the Court deems necessary and proper in the public interest.

## X. RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of federal and state law.

## XI. JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Courtney Endwright*
Kevin W. Betz, Atty. No. 14988-82
Sandra L. Blevins, Atty. No. 19646-49
Courtney E. Endwright, Atty. No. 30557-49
BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com


*/s/ Todd McFarland*
Todd R. McFarland *(pro hac vice to be filed)*
Office of General Counsel
GENERAL CONFERENCE OF SEVENTH-DAY
ADVENTISTS
12501 Old Columbia Pike
Silver Spring MD, 20904-6600
Office: (301) 680-6321
Fax: (301) 680-6329
E-mail: mcfarlandt@gc.adventist.org

*Attorneys for Plaintiff Ivan H. Smith*

9